UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

KIM M. VELAQUEZ,      )   No. 1:23-cv-02661
                     )
  Plaintiff,          )
                     )
  v.                  )   **DEFENDANT'S MOTION TO DISMISS**
                     )   **AND MEMORANDUM OF POINTS**
NEW ERA DEBT SOLUTIONS, INC.,  )   **AND AUTHORITIES IN SUPPORT OF**
                     )   **MOTION**
  Defendant.          )
                     )

## DEFENDANT NEW ERA DEBT SOLUTIONS, LLC
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant NEW ERA DEBT SOLUTIONS, through its undersigned counsel, moves this Honorable Court to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) and supports this motion with the following memorandum of points and authorities.

i
DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**TABLE OF CONTENTS**

I.  INTRODUCTION……………………………………………………………..…………1

II.  FACTUAL BACKGROUND ……………………………………………………..……..2

III.  STANDARD OF REVIEW ………………………………………………….…………..3

IV.  LEGAL ARGUMENT ……………………………………………………..…………..5

  A.  Plaintiff Fails to State Any Facts that Could Support
    Her Claim that New Era is a Credit Repair Organization ………….…………5

  B.  Plaintiff Has Not Sufficiently Pled that New Era is Liable
    under CCSOA ………………………………………………………………….7

  C.  Plaintiff Cannot Maintain Two Actions Based on the
    Same Agreement …………………………………………………………………8

V.  CONCLUSION ………………………………………………………………………..9

ii
DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION

# **TABLE OF AUTHORITIES**

**CASES**

*Abo-Hassan v. Gold Star Mortg. Fin. Grp., Corp.*, No. 12-14421, 2013 WL 249603 (E.D. Mich. Jan. 23, 2013) …………………………………………………………………………..6

*Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)* …………………………………………….3, 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) …………………………………….3, 4

*Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013) …………….…………6

*Payton v. Nationwide Debt Direct*, No. 1:15-CV-743, 2016 WL 3058010 (S.D. Ohio May 31, 2016) ……………………………………………………………………………………..6

*Plattner v. Edge Sols., Inc.*, 422 F. Supp. 2d 969, 974 (N.D. Ill. 2006) ………..…………5, 6

*Polacsek v. Debticated Consumer Counseling, Inc.*, 413 F. Supp. 2d 539, 546 (D. Md. 2005) …………………………………………………………………………………………..5

*Rautu v. U.S. Bank, N.A.*, No. 2:12-CV-12961, 2013 WL 866480 (E.D. Mich. Mar. 7, 2013) …………………………………………………………………………….…………..6
.

*Rautu v. U.S. Bank*, 557 Fed.Appx. 411 (6th Cir. 2014) …………………….…….………6

*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998) ……..……….……6

*Warner v. Fed. Home Loan Mortg. Corp.*, No. 12-15185, 2013 WL 1281932 (E.D. Mich. Mar. 26, 2013) …………………………………………………………………….…………6

**STATUTES AND OTHER AUTHORITIES**

15 U.S.C. § 1679 *et seq.* …………………………………………………………….. 1, 2, 5, 6, 7

CO. Rev. State 5-19-101 *et seq.* ……………………………………………....……. 2, 8

Fed. R. Civ. P. 8(a)(2) …………………………………………………………………….3

Federal Rule of Civil Procedure 12(b)(6) ……………………………………………….1

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

DEFENDANT, NEW ERA DEBT SOLUTIONS, INC. ("New Era"), by counsel, hereby moves to dismiss the Plaintiff's Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.   **INTRODUCTION**

As will be explained throughout this memorandum, Plaintiff has named the wrong party to this suit. New Era does not have a contract with Plaintiff. The contract by which Plaintiff makes her claim against New Era is with another company, Consumer First Legal Network, LLC ("CFLN"), a law firm located in Wisconsin. Plaintiff is already maintaining an action against CFLN before the American Arbitration Association for the same causes of action and under the same contract. However, even if Plaintiff was able to show a contract existed between the parties to this action, which she cannot, Plaintiff's claim still fails as New Era does not meet the definition of a Credit Repair Organization under the Credit Repair Organizations Act ("CROA"), 15 U.S.C. 1679 *et seq*.

Plaintiff's complaint is predicated on the legal contention that New Era is operating as a "credit repair organization," which is based on nothing more than mere legal conclusions. When discussing the actual facts surrounding the contracting of and performance by Defendant, Plaintiff's statements are very clear. Defendant offered Ms. Velasquez a plan that included "consolidating Plaintiff's debts into one debt so that Plaintiff can make monthly payments which would go toward paying off her various creditors." *See Pl. Compl.* at ¶ 11. Defendant "promised Plaintiff that its services would be able to settle her enrolled debts with all of her creditors within 1 to 2 years of signing

up." *Id*. at ¶ 12. And, again, these statements, either orally or written, were made by representative of CFLN not the named Defendant in this matter.

New Era is not a credit repair organization as that term is defined by the CROA or by the Colorado Credit Services Organization Act ("CCSOA"), CO. Rev. State 5-19-101 *et seq.* CFLN also is not a credit repair organization as that term is defined by the CROA or by the Colorado Credit Services Organization Act ("CCSOA"), CO. Rev. State 5-19-101 *et seq.*

## II.   FACTUAL BACKGROUND

Plaintiff entered into a contractual relationship with CFLN by signing a Retainer Agreement (the "Agreement") on November 19, 2017. The Agreement, included with Plaintiff's AAA filings, is attached hereto as Exhibit A. Per the Agreement, CFLN is a Wisconsin law firm that Plaintiff retained to assist her in settling and paying her unsecured credit cards. In the Agreement, Plaintiff agreed to retain CFLN for the limited representation of assisting Plaintiff in resolving specific unsecured debts. *Ex*. *A* at 18. Per the terms of the agreement, Plaintiff included nine credit card accounts that CFLN agreed to represent her on and settle the outstanding balances. *Id.* at 27. In the Agreement between the parties, CFLN specifically states,

> Our services <u>DO NOT</u> include helping you improve your credit report, record, history, or rating, or helping you dispute information contained in your credit report. CFLN is not a credit repair company and does not report any information to credit bureaus. Your creditors may make unfavorable or negative reports and CFLN does not have any control over what your creditors report.

*Id.* at 22, ¶ 9. (Emphasis in original)

Plaintiff first brought this matter before the American Arbitration Association ("AAA") on April 17, 2023. *Ex*. *A*. In her AAA filing, Plaintiff attached her Agreement with

- 2 -
DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION

CFLN but named New Era as the Respondent. Noting that the Agreement provided by Plaintiff and the arbitration clause contained within was not between New Era and Plaintiff, New Era asked for the matter to be closed. In response, Plaintiff brought a new matter before AAA against CFLN for the same causes of action brought here against New Era (AAA Case no. 01-23-0003-8668) on August 31, 2023 (*Ex. B*), and, surprisingly, brought this case before this Court on October 12, 2023. This case is surprising because the only connection to the Agreement and New Era is that New Era is listed as the mailing contact for CFLN on page 1 of the Retainer Agreement. *Ex. A* at 15. Plaintiff and New Era have never had an agreement for any services. Further, Plaintiff makes no allegations in her complaint as to how New Era is associated with CFLN or why she maintains two separate matters requesting the same relief based on the same contract.

### III. STANDARD OF REVIEW

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief. " *Fed. R. Civ. P. 8(a)(2)*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*. "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted.)

District courts must apply a two-step approach when considering a motion to dismiss. Id. at 679. First, the court must accept as true all well-pleaded factual allegations

and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id*.; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 663. Where the complaint does not permit the court to infer more than a mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." Id. at 679 (internal quotation marks and citation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will... be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A complaint or individual claim should be dismissed without leave to amend only when "it is clear...that the complaint could not be saved by amendment." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998). Under these standards, Plaintiff's claims, which can be readily examined by the Court in reviewing the AAA matter previously filed by Plaintiff, must be dismissed.

- 4 -
DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION

## IV. LEGAL ARGUMENT

This matter should be dismissed on its face for lack of contractual relationship between the parties. Here, New Era has never offered to provide any services to Plaintiff, especially those of credit repair. Further, Plaintiff cannot remedy her error in naming the wrong party because she has already brought a claim against CFLN before the AAA. However, should this Court find that an agreement exists between the parties at this stage of the case, Plaintiff's complaint must be dismissed with prejudice for failing to state a plausible claim by which the Court could grant her the relief sought.

### A. Plaintiff Fails to State Any Facts that Could Support Her Claim that New Era is a Credit Repair Organization.

For New Era to be subject to the Credit Repair Organizations Act, Plaintiff must first allege facts sufficient to show that New Era meets the definition of a Credit Repair Organization. To do this, Plaintiff must allege that New Era:

1) used any instrumentalities of interstate commerce or the mails in order to,

2) sell, provide, or perform,

3) in return for valuable consideration,

4) services or advice about services designed to improve a consumer's credit record, credit history, or credit rating.

15 U.S.C. § 1679(a)(3)(A)

"Whether a company is a credit repair organization under the CROA depends on the representations made." *Plattner v. Edge Sols., Inc.*, 422 F. Supp. 2d 969, 974 (N.D. Ill. 2006); *see also Polacsek v. Debticated Consumer Counseling, Inc.*, 413 F. Supp. 2d 539, 546 (D. Md. 2005) (stating that a credit counseling agency may be covered by the CROA "[d]epending upon the allegations of the Complaint").

In reviewing the services offered by Edge Solutions, Inc., the court in Plattner found the debt resolution services offered to the Plaintiff were not credit repair services. The court found that the "documents make clear that participation in [the] program will likely result in damage to participant's credit. They also make clear that the participant's credit is outside the scope of the program. Thus, in offering to provide the [services], Edge did not represent or even imply that [the] program was designed to improve the participant's credit as <u>required</u> for Edge to be a credit repair organization." *Plattner* at 974.

Similarly, courts in the Eastern District of Michigan have held that liability can be imposed for a prohibited act under the CROA only upon a credit repair organization. *See, e.g.*, *Warner v. Fed. Home Loan Mortg. Corp.*, No. 12-15185, 2013 WL 1281932, at *6 (E.D. Mich. Mar. 26, 2013) ("To survive a motion to dismiss, Plaintiff must plead that Defendants fall within the ambit of the statute, which requires showing that Defendants are credit repair organizations."); *Rautu v. U.S. Bank, N.A.*, No. 2:12-CV-12961, 2013 WL 866480, at *6 (E.D. Mich. Mar. 7, 2013) (refusing to interpret "§ 1679b as applicable to persons not affiliated with credit repair organizations"), *aff'd sub nom.*, *Rautu v. U.S. Bank*, 557 Fed.Appx. 411 (6th Cir. 2014); *Abo-Hassan v. Gold Star Mortg. Fin. Grp., Corp.*, No. 12-14421, 2013 WL 249603, at *4 (E.D. Mich. Jan. 23, 2013) ("First, the CROA applies to 'credit repair organizations.'"); *Payton v. Nationwide Debt Direct*, No. 1:15-CV-743, 2016 WL 3058010 at *4 (S.D. Ohio May 31, 2016) (This Court agrees with the well-reasoned decisions from the Northern District of Ohio and the Eastern District of Michigan. Liability cannot be imposed pursuant to § 1679b upon persons who are not affiliated with credit repair organizations or who do not provide credit repair services.)

Here, Plaintiff's complaint, given full deference, is full of conflicting statements,

contradictions, and fails to plead a cause of action by which this Court could grant relief.. On one hand, in paragraph 15, Plaintiff states that, at the time of entering into the agreement with CFLN, she was current on all of her payments to her creditors, but states in paragraph 8 states that she was looking for a company to help improve her credit. Numerous times, Plaintiff states that the services being offered to her were for debt resolution and that "Defendant" was offering to help her settle her debts. *See* paragraphs 9 ("Plaintiff found Defendant due to its representations that it could help consumers resolve their obligations by negotiating with creditors to reduce its client's outstanding debts, to consolidate those debts…"); 12 ("After discussing specific plans to address such debts, Defendant promised Plaintiff that its services would be able to settle her enrolled debts with all of her creditors within 1 to 2 years of signing up."); 15 ("After signing up, Defendant told Plaintiff to stop paying any of her creditors…"); and 17 (In 2019, Plaintiff discovered none of her debts with the identified creditors has been consolidated or settled as promised). But, perhaps the most troubling, Plaintiff goes on to state that it took her two years to realize that, in signing up for what she is trying to convince this Court was a program that she believed was designed to improve her credit score, none of her creditors were paid and her credit score has suffered significantly. *See Pl. Comp.* at ¶¶ 17, 18. Plaintiff, or her counsel, go to great lengths in their attempt to convince this Court that New Era should be held accountable for violating CROA. However, when read as a cohesive complaint, Plaintiff's pleadings fail to sustain her burden of plausibly pleading facts to suggest that New Era ever offered Plaintiff services to improve her credit in any way.

### B. Plaintiff Has Not Sufficiently Pled that New Era is Liable under CCSOA

Although undersigned counsel has been unable to locate any rulings on Plaintiff's state claims, it would stand to reason that the same analogies and theories of liability that

are applied to the federal law, CROA, would equally apply to the state claims. Here, the CCSOA defines a "credit services organization" as any person, including a nonprofit organization exempt from taxation under section 501(c)(3) of the federal "Internal Revenue Code of 1986", who, with respect to the extension of credit by others, represents that the person can or will, in return for the payment of money or other valuable consideration by the buyer, improve or attempt to improve a buyer's credit record, history, or rating. The term "credit services organization" does not include any person licensed to practice law in this state if he or she renders credit services within the course and scope of his or her practice as an attorney. Colo. Rev. Stat. Ann. § 5-19-103

Here, the same fatalities by Plaintiff in failing to sufficiently allege that New Era is a credit repair organization would apply to the application of the CCSOA to New Era. New Era has never entered into an agreement with Plaintiff and the facts alleged in Plaintiff's complaint do not show that New Era offered to improve or attempt to improve Plaintiff's credit in exchange for consideration.

**C.  Plaintiff Cannot Maintain Two Actions Based on the Same Agreement**

Should this Court find that Plaintiff has sufficiently plead her claims against New Era, this Court, in its discretion and authority, should still dismiss this matter while Plaintiff maintains her action in AAA based on the same contract. Having identical claims brought in both AAA and a federal district court create issues of res judicata. At the very least, should this Court deny this motion to dismiss, this matter should be stayed pending the outcome of the AAA matter brought against CFLN under the terms of the same contract.

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

## V. **CONCLUSION**

Perhaps if Plaintiff had never filed this matter first in AAA or brought the same claims against two different defendants in two separate forums, she may have stood a better chance of surviving a motion to dismiss. However, when presented with the facts underlying Plaintiff's claims, it should be clear to this Court that this current matter cannot proceed. Plaintiff never entered into a contractual relationship with New Era. New Era has never offered to improve Plaintiff's credit rating. New Era has never received payments or any form of consideration from Plaintiff. But, even if this Court should find that Plaintiff has sufficiently alleged that a relationship exists between New Era and Plaintiff, all Plaintiff has alleged in her complaint is that Defendant provided debt resolution services between 2017 and 2019. For these reasons and those stated above, New Era respectfully requests that this Court dismiss Plaintiff's complaint or, in the alternative, stay this current matter pending the outcome of Velasquez v. Consumer First Legal Network, LLC.

Respectfully Submitted:

December 12, 2023         /s/ Jeffrey Lohman
                          Jeffrey Lohman
                          Attorney for Defendant
                          jeffL@jLohman.com
                          T. 714.381.5747
                          The Law Offices of Jeffrey Lohman, P.C.
                          41185 Golden Gate Circle, Suite 108
                          Murrieta, CA 92562

- 9 -

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2023, a true and correct copy of the forgoing was electronically filed with the Clerk of the Court using the CM/ECF with service on all parties. A copy was also electronically mailed to Plaintiff's counsel at mdaher@sulaimanlaw.com

/s/ Jeffrey Lohman

Jeffrey Lohman