**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No: 1:23-cv-02661-RMR-STV

KIM M. VELASQUEZ,

    Plaintiff,

v.

NEW ERA DEBT SOLUTIONS, INC,

    Defendant.

---

**SCHEDULING ORDER**

---

**1.   DATE OF CONFERENCE AND APPEARANCE OF COUNSEL**

The Conference was held on December 13, 2023 via email communications.

**Appearing for Plaintiff:** Mohammed O. Badwan and Marwan R. Daher, Sulaiman Law Group, Ltd. 2500 South Highland Ave., Suite 200 Lombard, Illinois 60148, Telephone (630) 575-8181.

**Appearing for Defendant:** Jeffrey Lohman, The Law Offices of Jeffrey Lohman, P.C., 41185 Golden Gate Circle, Suite 108, Murrieta, CA 92562, Telephone (714) 381-5747.

**2.   STATEMENT OF JURISDICTION**

**Plaintiff:** This court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1337. Additionally, this court has supplemental jurisdiction over this action under 28 U.S.C. 1367. This court has personal jurisdiction over this matter because Plaintiff is a resident of

1

Colorado, and a significant amount of the underlying events alleged in the Complaint occurred within Colorado.

**Defendant:**

3. **STATEMENT OF CLAIMS AND DEFENSES**

   a. **Plaintiff's statement**:

Plaintiff alleges that Defendant violated the Credit Repair Organizations Act ("CROA") through its misrepresentation and deception as to the nature of the credit repair services it could provide Plaintiff and charging and receiving money for services agreed to perform before such services were fully performed. Plaintiff further alleges that Defendant violated the Colorado Credit Services Organization Act ("CCSOA") by charging the Plaintiff prior to full and complete performance of its services without reimbursing Plaintiff for its incomplete services; that Defendant would be able to reduce Plaintiff's outstanding debt and eventually remove those debts from her consumer credit reports and improve her overall creditworthiness; and for Defendant's failure to include the required disclose in the immediate proximity of the Plaintiff's signature block.

   b. Defendant's statement:

Defendant states that it never entered into any agreement with Plaintiff. Defendant has never offered to repair Plaintiff's credit or improve her credit score in any way.

4. **UNDISPUTED FACTS**

   The following facts are undisputed:

   a. Plaintiff retained a law firm named Consumer First Legal Network, LLC ("CFLN") to help her settle her unsecured debts.

    b. Plaintiff and CFLN entered into a retainer agreement for debt settlement services.

    c. Defendant was listed as the mailing contact for CFLN in the retainer agreement.

    d. Plaintiff is currently bringing the same claims against CFLN before the American Arbitration Association.

5. **COMPUTATION OF DAMAGES**

Plaintiff seeks payment of her actual damages, punitive damages and reasonable attorney fees and costs, in amounts to be determined, as provided under CO. Rev. Stat. §5-19-111 and any other relief this Honorable Court deems just and appropriate.

6. **REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R. Civ. P. 26(f)**

    a. **Date of Rule 26(f) Meeting: December 13, 2023**

    b. **Names of each participant and each party represented:**

    Counsel for Plaintiff: Mohammed O. Badwan and Marwan R. Daher

    Counsel for Defendant: Jeffrey Lohman, The Law Offices of Jeffrey Lohman, P.C.

    c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

    The parties shall make their initial disclosures on or before January 12, 2024.

    d. **Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).**

    The Parties do not propose any changes to the timing or requirement of disclosures at this time.

    e. **Statement concerning any agreements to conduct informal discovery:**

    The Parties have not agreed to make any documents available without the need for a formal request for production at this time.

f. **Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:**

The Parties agree to use consecutive deposition exhibit numbers and to use those same deposition exhibit numbers as trial exhibit numbers.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties do not believe a substantial amount of disclosure or discovery will involve ESI. As an initial matter, the parties expect to exchange all relevant documents in hard copy or Portable Document Format (PDF) where applicable. If a party requests native format then the parties will reasonably work together, meet-and-confer and make every effort to resolve any potential disputes without the need for Court intervention.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties have discussed the possibility of settlement. Plaintiff has tendered a settlement demand and Defendant has responded. The parties will continue their informal settlement discussions through counsel.

7. **CONSENT**

All Parties do not unanimously consent to the exercise of jurisdiction of a U.S. Magistrate Judge.

8. **DISCOVERY LIMITATIONS**

   a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

   The Parties agree to limit the number of depositions to two (2) depositions for each side including experts, and the number of interrogatories to twenty (20) for each side.

   b. **Limitations which any party proposes on the length of depositions.**

   Depositions are to be limited to four (4) hours per deposition.

   c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

   The Parties agree to limit the number of Requests for Production to twenty (20) per side and the number of Requests for Admission to twenty (20) per side.

   d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

   The parties shall serve their Interrogatories, Requests for Production of Documents, and their Requests for Admissions on or before **January 12, 2024.**

   e. **Other Planning or Discovery Orders**

   None at this time.

9. **CASE PLAN AND SCHEDULE**

   a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

   April 12, 2024.

   b. **Discovery Cut-off**

   July 26, 2024

   c. **Dispositive Motion Notice Deadline**

   August 5, 2024

5

d. **Expert Witness Disclosure**

    1.     The Parties shall identify anticipated fields of expert testimony, if any. Plaintiff does not anticipate expert discovery at this time.

    2.     Limitations which the parties propose on the use or number of expert witnesses. The parties propose to limit the number of expert witnesses to two per side, including rebuttal experts.

    3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: May 17, 2024.

    4.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: June 18, 2024.

f. **Identification of Persons to Be Deposed**

**Plaintiff**: Corporate representative of Defendant, any person identified in Defendant's Rule 26(a)(1) Initial Disclosures.

**Defendant**:

**10. DATES FOR FURTHER CONFERENCES**

a. Status conferences will be held in this case at the following dates and times: _____.

b. A final pretrial conference will be held in this case on _____. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

6

**11. OTHER SCHEDULING MATTERS**

a. **Identify those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement**

   None.

b. **Anticipated length of trial and whether trial is to the court or jury.**

   The parties anticipate the trial will be completed in 1-2 days before a jury.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Watsatch Street, Colorado Springs, Colorado.**

   None.

**12. NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

**13. AMENDMENTS TO SCHEDULING ORDER**

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 20th day of December, 2023.

BY THE COURT:

_____
Hon. Scott T. Varholak
Magistrate Judge
United States District Court

*/s/ Marwan R. Daher*  
Marwan R. Daher, Esq. (#6325465)  
Mohammed O. Badwan, Esq. (#6299011)  
Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
Phone: (630) 575-8181  
mbadwan@sulaimanlaw.com  
mdaher@sulaimanlaw.com  
*Attorneys for Plaintiff*

*/s/ Jeffrey Lohman*  
Jeffrey Lohman, Esq. (#032315)  
The Law Offices of Jeffrey Lohman  
41185 Golden Gate Circle, Suite 108  
Murrieta, California 92562  
Phone: (657) 500-4314  
jeffl@jlohman.com  
*Attorney for Defendant*